On Rehearing Granted
TERRELL, Justice.
This. case was submitted to. the court at the same time City of Miami Beach v. Lachman, and other cases (ten -in all) were submitted. 71 So.2d 148. . Disposition was delayed because certiorari had been taken to the Supreme Court-of-the United States and was pending at the time the other cases were- considered. Since cer-tiorari has been denied we now proceed to disposition of the cause: See Hogan v. City of Miami Beach, 346 U.S. 819, 74 S.Ct. 33; Elsalto Real Estate, Inc. v. City of Miami Beach, 346 U.S. 820, 74 S.Ct. 34.
The amended bill of complaint prayed that zoning ordinance 289 of the City of Miami Beach enacted December 20, 1930, restricting the use of plaintiff’s property to R-AA Estate 'District (single family residence) be decreed to be unreasonable, arbitrary, confiscatory and unconstitutional and that this court permanently enjoin the City of Miami Beach from enforcing said zoning ordinance against the plaintiff’s property, the same being Lots 1, 2, 3, 4 and 5, Indian Beach Corporation’s Subdivision according to the amended plat of said subdivision, recorded in Plat Book 8, at page 61 of the public records of Dade County, Florida.
A motion to strike and a motion to dismiss the amended bill were overruled. We are confronted with an appeal by certiorari to review and quash this order. The property of respondents is bounded on the north by a series of lots identified as Lots 6, 7, 8, 9, 10 and 11, Indian Beach Corporation’s Amended Subdivision, some of which are being condemned or otherwise acquired by the City of Miami Beach for public purposes. It is bounded on the east by the Atlantic Ocean, on the south by the Firestone Estate and on the west by Collins Avenue or Indian Creek. If the condemnation proceedings are completed Or the city acquires, by condemnation or direct purchase or otherwise, all or a part of the area identified as Lots 6 through 11, inclusive, for public use, it will form a natural-barrier across to the north of petitioner’s property which will isolate and leave it in the same situation as the Firestone Estate which we dealt with in City of Miami Beach v. First Trust Co., Fla., 45 So.2d 681. All the elements that induced the removal of zoning restrictions in the Firestone properties would then apply to respondent’s properties.
The petition for certiorari is accordingly denied.
It is so ordered. -
*727 ROBERTS, C. J., and SEBRING, HOB-SON and MATHEWSy JJ., concur.
THOMAS and DREW, JJ., agree to conclusion.